

SUMMONS ISSUED

FILED
CLERK

2012 MAY 18 PM 4:04

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LAURIE NORBERG,

        Plaintiff,

  v.

FULTON FRIEDMAN & GULLACE, LLP,

        Defendant.

CV 12 - 2529

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

FEUERSTEIN, J.

WALL, M.J.

## INTRODUCTION

1.  This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA) with supplemental claims arising under New York General Business Law (NYGBL) § 349.

    This case is about a deceptive letter that not only facially violates the FDCPA and its combined use with litigation to slyly avoid validation and cessation requirements under the FDCPA.

## JURISDICTION AND VENUE

2.  Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law. The defendant has violated numerous provisions of the FDCPA.

3.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue in this district is proper in that the defendant transacted business here and the conduct complained of occurred here.

5.      The defendant regularly does business within this district, and has engaged in a persistent course of conduct within this district. The defendant also derived substantial revenue from services rendered in this judicial district and state.

6.      The defendant expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state. The defendant derives substantial revenue from interstate commerce.

7.      The defendant caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

8.      Plaintiff LAURIE NORBERG ("plaintiff") is a natural person who resided at all relevant times in Nassau County, New York.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

10.     Defendant FULTON FRIEDMAN & GULLACE, LLP ("defendant") is a domestic registered limited liability partnership.

11.     Defendant's principal place of business is located at 500 First Federal Plaza, Rochester, New York 14614.

12.     The principal purpose of defendant is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

2

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the

FDCPA.

14.     All acts done by defendant's employees or agents were done on defendant's

behalf.

15.     The alleged debt at issue arose out of a transaction that was primarily for

personal, family or household purposes, and is therefore a "debt" as that term is defined

by 15 U.S.C. § 1692a(5).

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

16.     The plaintiff repeats, realleges and incorporates by reference the foregoing

paragraphs.

17.     The defendant violated FDCPA §§1692c(c), 1692d, 1692e, 1692e(2)(A),

1692e(3), 1692e(3), 1692e(5), 1692e(6), 1692e(9), 1692e(10), 1692e(13), 1692g and

1692f.

18.      The defendant's use of a collection letter dated March 22, 2012 (**Exhibit 1**)

violates the FDCPA as follows:

1.  Creates the deceptive perception that Chase Bank USA Disney is the plaintiff-
    party in the action under index # 8953/12.

2.  States, "[d]ue to the failure to arrange for payment on this account, you are now
    defendant in the recently filed lawsuit listed below:

    Chase Bank USA NA Disney v. Laurie Norberg
    Court: Nassau District Court
    Case Number: 8953/12"

    This language contains false statements. The captioned parties under that index
    number are "Asset Acceptance, LLC v. Laurie Norberg." The defendant mis-cites
    the caption, and did so obviously to create the impression that its client's case was
    stronger than it was since an original creditor usually possesses better proof of the

3

debt than a junk debt buyer such as Asset Acceptance. This language is an attempt to deceive the least sophisticated consumer into believing that Chase is the creditor and named party to the lawsuit. This false impressions created by this language is a deceptive means to attempt collection of a debt. The false impressions were reasonably construed as having two or more different meanings only one of which could be accurate. Placing the words, "Asset Acceptance" elsewhere in the letter rendered it subject to two different meanings.

3. Created the appearance that the letter had been meaningfully reviewed by an attorney when it had not.

4. Is an "initial communication" under § 1692g yet fails to contain the language required under 1692g(a), including 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

5. Is used, in conjunction with litigation, and the threat of litigation, to slyly attempt to avoid its cease and desist obligation under 1692c(c). Upon information and belief, defendant regularly engages in this practice as a means of avoiding provisions of the FDCPA.

19.     To this day, the defendant has failed to validate the debt in response to plaintiff's March 27, 2012 validation demand letter (**Exhibit 2**). Yet the defendant, by actively litigating this case, continually violates the FDCPA.

20.     To this day, the defendant has failed to send the plaintiff the required verification notice under 1692g(a).

21.     The defendant's service of the summons and complaint before validation responsive to plaintiff's letter dated March 27, 2012 violated 1692g(b) cease-and-desist provision.

22.     The defendant's service of the summons and complaint before validation responsive to plaintiff's debt validation letter dated March 27, 2012 violated 1692g(b) because it overshadowed plaintiff's validation rights.

23.     The defendant's deceptive letter misstating the captioned parties conflicted with the real captioned case would deceive and confuse the least sophisticated consumer as to the identity of the real party in interest.

4

24.     Upon information and belief, defendant had failed to communicate to Asset Acceptance that the debt is disputed.

25.     In designing a collection campaign calculated to deprive the plaintiff, and similarly situated consumers, of rights under the FDCPA is itself a harassing and abusive means of collection a debt.

26.     As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for actual damages as set forth in this complaint, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

### SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

27.     The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

28.     NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing any service in the State of New York.

29.     The conduct complained of in this complaint occurred during, and in furtherance of, defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

30.     At all times material to this complaint, defendant's deceptive acts and practices that gave rise to the claims herein occurred while defendant conducted its business of collecting consumer debts.

31.     Defendant's collection acts and practices have been directed entirely at consumers.  Defendant's acts and practices have a broad impact on the New York consuming public.

32.     Defendant's collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

33.     Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections.  These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

34.     The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

35.     Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

36.     As a result of defendant's deceptive acts and practices, the plaintiff has suffered actual damages as alleged in this complaint.

37.     As a result of these violations of NYGBL § 349, plaintiff is entitled to an injunction barring defendant from engaging in deceptive acts and practices, including the collection of this discharged debt, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

**Plaintiff's Actual Damages**

6

38.     The lawsuit, to which the offending letter relates, creates an ongoing injury as time, money, and resources are spent defending a lawsuit that should not have been brought.

39.     The defendant's misconduct has caused the plaintiff to incur out-of-pocket costs, including legal fees and expenses, mailing and facsimile costs, and transportation costs.

40.     The plaintiff suffered other actual, non-pecuniary damages, including anxiety, fear, worry, fright, shock, hostility, lost concentration, stress, grief and loss of tranquility.

**WHEREFORE**, plaintiff respectfully requests a trial by jury and also requests that judgment be entered against defendant for the following:

a.     On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b.     On the SECOND CLAIM FOR RELIEF (NYGBL § 349), injunctive relief, actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and

c.     For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 17, 2012

Jesse Langel, Esq. (JL-7079)
The Langel Firm
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

**Exhibit 1**

# FULTON FRIEDMAN & GULLACE, LLP

## COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

| | | |
|---|---|---|
| NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSES: 1328139, 1344745, 1344741, 1394439 & 1419679 | PO Box 2123 WARREN, MI 48090-2123 | TOLL FREE 877-496-4802 EXT. 0 |

March 22, 2012

Re: Chase Bank USA NA Disney Assignee of CHASE BANK USA NA DISNEY
Original Creditor Acct #: XXXXXXXXXXXX1663
Fulton, Friedman & Gullace, LLP Acct #: 11-25406
Current Balance: $10072.11

Dear Laurie Norberg:

Due to the failure to arrange for payment on this account, you are now the defendant in the recently filed lawsuit listed below:

Chase Bank USA NA Disney v. Laurie Norberg
Court: Nassau District Court
Case Number: 8953/12

Please contact our office at the toll free number listed below.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Sincerely,

Christine Shileikis
Collections Team (Non-Attorney)
Phone: 877-496-4802 Ext. 0
Hours of Operation: Mon-Thurs 8 am–9 pm; Fri 8 am–5:30 pm EST
Fulton, Friedman & Gullace, LLP

Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message.

**Important Disclosure**

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 2123, Warren, MI 48090-2123, email us at consumercomplaints@fultonfriedman.com, or call us toll-free at 877-284-7493 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collections Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

127CGASSE02_OS_0102

***Detach Lower Portion and Return with Payment***

Fulton, Friedman & Gullace, LLP Acct #: 11-25406
Balance Due: $10072.11

EXPRESS    PO Box 2124

**Exhibit 2**

Fulton, Friedman, & Gullace, LLP                                      March 27, 2012
PO Box 2123
Warren, MI 48090-2123

Re: FF&G, LLP Acct # 11-25406
    Alleged original creditor acct # XXXXXXXXXXXX1663

To Whom It May Concern:

I am in receipt today of your company's letter dated March 22, 2012 regarding a lawsuit filed against me, Laurie Norberg, on behalf of Chase Bank USA NA Disney regarding the above account(s).

Please provide proof of receipt of the original letter to me, as required by law, notifying me of your intention to attempt to collect an alleged debt from me, or provide the same from Chase Bank USA NA Disney, in regard to this particular alleged debt, one your firm says I owe. As I have never received any such letter regarding an account ending in 1663, or FF&G, LLP account number 11-25406, from your, or any other, office, I have never had the opportunity to request validation of this alleged debt your company says I owe. I firmly believe no letter was ever sent to me, as I most certainly would have sent a debt validation letter back to your firm. Attached please find a copy of the letter your office would have received, and in fact is receiving now, certified mail, return-receipt-requested, in response to any initial collection attempt letter.

In addition, please outline just how it is Chase Bank USA NA Disney is the plaintiff in this lawsuit, when your letter dated March 22, 2012 plainly states your client as Asset Acceptance, LLC? Can your office provide proof of my receipt of the original letter from Asset Acceptance, LLC as outlined in the above paragraph, as required by law? If so, please provide this letter from Asset Acceptance, LLC, or the letter or letters from your office or Chase Bank USA NA Disney as outlined above, along with proof of my receipt of the same detailing any of these firms' initial attempt at collecting this alleged debt.

Please find attached a copy of the case detail where it plainly states Asset Acceptance, LLC and not Chase Bank USA NA Disney is the plaintiff in case number CV-008953-12/NA.

Please be advised I do not take attempts at collection of alleged debt from me by any office lightly. Should your office, alone or on instructions from another, attempt to circumvent legally established procedures for collection of this alleged debt, I will have no choice but to pursue all legal remedies at my disposal. If, in claiming Chase Bank USA NA Disney as the plaintiff as per your letter dated March 22, 2012, instead of Asset Acceptance, LLC, your office has made an attempt to deceive me into a belief that the lawsuit your office has filed is on behalf of Chase Bank USA NA Disney, which is certainly the implication of the letter, when in fact it is not, your office, and Asset Acceptance, LLC by extension, have committed fraud. In addition, as I believe no initial collection letter was sent to me regarding the alleged account in question, I further posit your firm's filing of a lawsuit is illegal and void as in an attempt to circumvent the law by not allowing me a chance to request validation of this alleged debt as required by the FDCPA.

I do not believe your office, or any other office, has ever mailed to me, as required by law, an initial notice of your office's attempt to collect this alleged debt regarding your account number 11-25406, or alleged original creditor acct # XXXXXXXXXXXX1663. Until proof is provided otherwise, I take the

position your client, if not your office itself, stands in violation of the FDCPA on this count, and perhaps in violation of other laws and/or statutes of the State of New York and/or the United States Government.

Should your office proceed with this matter, I will have no choice but to bring these first matters before the court, and take all legal action necessary for my relief.

Respectfully,

Laurie Norberg

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

ROCHESTER NY 14614

| | | |
|---|---|---|
| Postage | $ | $0.65 | 0510 |
| Certified Fee | | $2.95 | 14 |
| Return Receipt Fee (Endorsement Required) | | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.95 | 03/27/2012 |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7011 1570 0000 8712 1854

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>Brian Cu |
| 1. Article Addressed to:<br><br>Fulton Friedman Gullace LLP<br>28 East Main St.<br>Suite 500<br>Rochester NY 14614 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7011 1570 0000 8712 1854 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540