UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————x
LAURIE NORBERG, an individual; on behalf : CIVIL ACTION NO. 12-2529
of herself and all others similarly situated,
:
                Plaintiff,
: **CLASS ACTION**
    vs.
:
FULTON, FRIEDMAN & GULLACE, LLP, : **AMENDED COMPLAINT FOR**
JOHN AND JANE DOES NUMBERS 1 **VIOLATIONS OF THE FEDERAL FAIR**
THROUGH 10, BEING FICTITIOUS NAMES : **DEBT COLLECTION PRACTICES ACT**
OF UNIDENTIFIED PERSONS WHO
CONTROL THE POLICIES AND :
PRACTICES INVOKED BY FULTON, **DEMAND FOR JURY TRIAL**
FRIEDMAN & GULLACE, LLP, :

                Defendants.
———————————————————————x

## I. PRELIMINARY STATEMENT

1. Plaintiff, LAURIE NORBERG, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. The Plaintiff alleges that the collection practices invoked by the Defendants violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and delineates a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1) – (16).

6. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages and attorneys' fees and costs pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory damages payable by the Defendants.

## II. PARTIES

7. Plaintiff is a natural person.

8. At all times relevant to this complaint, Plaintiff was a citizen of, and resided in, Nassau County, New York.

9. At all times relevant to this complaint, Defendant Fulton, Friedman & Gullace, LLP (hereinafter "Defendant FFG") is a limited liability partnership comprised of attorneys duly

admitted to practice law in the State of New York, and other states, and maintains a principal place of business located at 500 First Federal Plaza, Rochester, New York.

10. Defendants JOHN AND JANE DOES NUMBERS 1 THROUGH 10 are sued under fictitious names as their true names and capacities are as yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained. The Plaintiff will move the court to file a second Amended Complaint.

11. The Plaintiff is informed and believes, and on that basis alleges, that Defendants JOHN AND JANE DOES NUMBERS 1 THROUGH 10 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant FFG that are the subject of this Amended Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FFG and, therefore, are personally liable for all of the wrongdoing alleged in this Amended Complaint.

### III. JURISDICTION & VENUE

12. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

14. The Plaintiff is alleged by the Defendant FFG to be liable for a personal debt which, as of March 22, 2012, allegedly totaled $10,072.11.

15. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

16. The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. The Plaintiff is informed and believes, and on that basis alleges, that sometime prior to March 22, 2012, Asset Acceptance, LLP, a buyer of delinquent consumer debts, either directly or through intermediate transactions placed the alleged debt with the Defendant FFG for attempted collection.

18. The Defendant FFG collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and internet.

19. The Defendant FFG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. In its attempt to collect the debt alleged to be owed by the Plaintiff, the Defendant FFG sent a letter dated March 22, 2012 to the Plaintiff. A copy of said letter is attached hereto as Exhibit "1".

21. Said letter states (in part) "due to the failure the arrange for payment on this account, you are now the defendant in the recently filed lawsuit listed below." Said lawsuit is identified in the letter as "Chase Bank USA NA Disney v. Laurie Norberg, Court: Nassau District Court Case Number: 8953/12."

22. Said letter further states (in part) "Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message." (The message set forth

thereafter is not relevant to the claims at issue herein. Therefore, said message will not be set forth herein.)

23. The statements in the collection letter attached as Exhibit "1" are false, deceptive, and misleading in that said statements create the perception that Chase Bank USA NA Disney is the plaintiff-party in the lawsuit referenced in the letter when, in fact, the captioned parties under that index number are "Asset Acceptance, LLC v. Laurie Norberg."

24. The Defendant misstated the caption to create the impression that an original creditor still possessed an alleged debt when, in fact, the alleged debt was sold by Chase Bank long before the lawsuit referenced in the subject letter was commenced.

25. The Defendant's letter, which misstates the captioned parties in the referenced lawsuit, would deceive the least sophisticated consumer as to the identity of the real party in interest, Asset Acceptance, LLC.

26. The Defendant FFG further engaged in unfair conduct by filing the lawsuit, as attorneys associated with the Defendant FFG were well aware that a) a chain of assignment of the alleged debt to Asset Acceptance, LLC could not be established, and b) Asset Acceptance, LLC did not have enough evidence to prove that the Plaintiff was indebted as alleged, nor could Asset Acceptance, LLC ever obtain evidence sufficient to prove that the Plaintiff was indebted as alleged.

27. The letter further states (in part) "The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov, by phone at 1-877-FTC-HELP, or by mail at 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580."

28. The statement concerning the FTC is false, deceptive, and misleading in that it could lead the least sophisticated consumer to believe that the FTC is the only entity which can enforce the FDCPA when, in fact, consumers have a separate right of action to allege claims in a court based upon allegations that a debt collector violated the FDCPA. In fact, the vast majority of complaints filed by consumers with the FTC, alleging abuse by debt collectors, are not acted upon by the FTC.

### V. POLICIES AND PRACTICES COMPLAINED OF

29. It is Defendants' policy and practice to send debt collection letters to consumers which contain numerous false, deceptive and misleading statements and to invoke unfair means during attempts to collect alleged consumer debts.

### VI. CLASS ALLEGATIONS

30. This action is brought as a class action. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and on behalf of all other persons similarly situated.

31. This claim is brought on behalf of a class consisting of all persons, with addresses in the State of New York, who received a copy of the collection communication identical in form to the collection communication attached as Exhibit "1" hereto.

32. The identities of all class members are readily ascertainable from the records of the Defendant FFG and those companies and governmental entities on whose behalf it attempts to collects debts.

33. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate

families.

34. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant FFG used false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts and whether the Defendant FFG used unfair means during attempts to collect alleged consumer debts.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Amended Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members in each class would be impracticable.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant FFG used false, deceptive and/or misleading debt collection practices during attempts to collect alleged personal debts and whether

the Defendant FFG used unfair means during attempts to collect alleged consumer debts.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent members of each class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of each class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of each class predominate over any questions affecting an individual member of each class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

38. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

39. Defendants violated the FDCPA.

   a. Defendants violated 15 U.S.C. § 1692e in that false, deceptive and misleading debt collection practices were invoked by the Defendants during their attempts to collect alleged personal debts;

   b) The Defendants violated 15 U.S.C. § 1692f by using unfair means during their attempts to collect alleged debts.

## VIII. PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing the Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

DATED: New York, New York
June 19, 2012

/s/
JESSE LANGEL, ESQ. (JL-7079)
225 Broadway, Suite 700
New York, New York 10007
Telephone: (646) 290-5600
Facsimile: (646) 646-6682
jesse@langellaw.com

DATED: Haines Falls, New York
June 19, 2012

/s/
ROBERT L. ARLEO, ESQ. (RA-7506)
164 Sunset Park Road
Haines Falls, NY 12436
Telephone: (518) 589-5264
Facsimile: (518) 751-1801

*Attorneys for Plaintiff, Laurie Norberg, and all others similarly situated*

**Exhibit 1**

# FULTON FRIEDMAN & GULLACE, LLP

## COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN AZ, CA, DC, FL, IL, MD, MI, NJ, NY, OH, PA, TN, TX & VA

NYC DEPARTMENT OF CONSUMER
AFFAIRS LICENSES: 1328139,
1344745, 1344741, 1394439 &
1419679

PO BOX 2123
WARREN, MI 48090-2123

TOLL FREE 877-496-4802
EXT. 0

March 22, 2012

Re: Chase Bank USA NA Disney Assignee of CHASE BANK USA NA DISNEY
Original Creditor Acct #: XXXXXXXXXXXX1663
Fulton, Friedman & Gullace, LLP Acct #: 11-25406
Current Balance: $10072.11

Dear Laurie Norberg,

Due to the failure to arrange for payment on this account, you are now the defendant in the recently filed lawsuit listed below:

Chase Bank USA NA Disney v. Laurie Norberg
Court: Nassau District Court
Case Number: 8953/12

Please contact our office at the toll free number listed below.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Sincerely,

Christine Shileikis
Collections Team (Non-Attorney)
Phone: 877-496-4802 Ext. 0
Hours of Operation: Mon-Thurs 8 am–9 pm; Fri 8 am–5:30 pm EST
Fulton, Friedman & Gullace, LLP

Please be advised that our client, Asset Acceptance, LLC, has requested that we include the following message.

**Important Disclosure**

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 2123, Warren, MI 48090-2123, email us at consumercomplaints@fultonfriedman.com, or call us toll-free at 877-284-7493 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collections Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

127CGASSE02_OS 0102

***Detach Lower Portion and Return with Payment***

Fulton, Friedman & Gullace, LLP Acct #: 11-25406
Balance Due: $10072.11

DYNXC   PO Box 2124